██ One accused of crime may testify. Article 710, C. C. P. The jury, or the court below, if trial be had before the judge without a jury, may refuse to accept the truth of the appellant's testimony. Mason v. State, 85 Tex. Cr. R. 254, 211 S. W. 593; Wilson v. State, 92 Tex. Cr. R. 118, 242 S. W. 224; Hays v. State, 98 Tex. Cr. R. 181, 264 S. W. 1010; Payne v. State, 100 Tex. Cr. R. 241, 272 S. W. 788.

No witness asserted that the pistol had by appellant in this case, at 3 a. m. the night he burglarized a post office, was the one shown by testimony to have been gotten from Mr. Cobb, save the testimony of appellant himself. It would at once appear unlikely that one embarking on a criminal enterprise of such magnitude as robbery of a post office would arm himself with a pistol which would not shoot. There being no controversy over the fact that appellant did have a pistol on his person at 3 o'clock on the night in question, we are unable to bring ourselves to believe that the court was not within his discretion in declining to accept the defensive theory that said pistol was a broken one belonging to Cobb. Appellant's motion is well prepared, logical, and courteous in its tone. We regret that we are not able to accede to its request.

The motion for rehearing is overruled.

### STEPHENSON v. STATE.
No. 16701.

Court of Criminal Appeals of Texas.
April 18, 1934.

Rehearing Denied May 16, 1934.

Floyd Harry, of Farmersville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for the possession of intoxicating liquor for the purpose of sale, punishment being assessed at one and a half years in the penitentiary.

The indictment is in proper form. No statement of facts or bills of exception appear in the record. In such condition nothing is presented for review.

The judgment is affirmed.